1 J. JONATHAN HAWK (SBN 254350)
jhawk@whitecase.com
2 WHITE & CASE LLP
555 South Flower Street, Suite 2700
3 Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
4 Facsimile:  (213) 452-2329

5 Attorneys for Defendant X CORP., as
successor in interest to first named
6 Defendant Twitter, Inc.

7

8 **UNITED STATES DISTRICT COURT**

9 **NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN FRANCISCO DIVISION**

11 Facilitate Corporation Pte Ltd,                    Case No. 4:23-cv-3242-YGR

12                 Plaintiff,

13                                                     **ANSWER TO COMPLAINT**

14         v.

15 Twitter, Inc. and X Corp., Inc,

16                 Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

Defendant X Corp., as successor in interest to first named defendant Twitter, Inc. ("X Corp."), hereby answers the "Complaint" filed by plaintiff Facilitate Corporation Pte Ltd ("Plaintiff" or "Facilitate").  X Corp. denies any allegation not expressly and unequivocally admitted.

As to the initial, unnumbered paragraph in the Complaint, X Corp. admits that Plaintiff filed the Complaint asserting claims against X Corp.  X Corp. denies the remaining allegations, whether express or implied, in that unnumbered paragraph of the Complaint.

## NATURE OF ACTION

1.      X Corp. admits that Plaintiff's Complaint alleges X Corp. failed to pay certain invoices from Plaintiff.  X Corp. denies all remaining allegations, whether express or implied, in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE[1]

1.      X Corp. lacks information or belief sufficient to answer the allegations in the second paragraph 1 of the Complaint regarding Plaintiff as a corporate entity, and its purported ownership structure and owner, and, on that basis, denies them.

2.      X Corp. admits that Twitter, Inc. was a corporation incorporated under the laws of the State of Delaware, with its principal place of business in San Francisco, California.

3.      X Corp. admits that it is successor in interest to Twitter, Inc., and is incorporated under the laws of the State of Nevada with headquarters in San Francisco, California.

4.      X Corp. admits the Court has subject matter jurisdiction over this action.  X Corp. denies all remaining allegations, whether express or implied, in paragraph 4 of the Complaint.

5.      X Corp. admits that the Court has personal jurisdiction over it for this case because X Corp. conducts business and is headquartered in San Francisco.  X Corp. states that the remaining allegations in paragraph 5 of the Complaint refer to the Master Services Agreement ("MSA") between Twitter, Inc. and Plaintiff, dated March 1, 2021, that speaks for

---

[1] The Complaint contains two paragraphs numbered "1," with numbering proceeding sequentially after the second paragraph 1. In efforts to avoid confusion, this Answer parallels the Complaint's paragraph numbering.

- 1 -

1  itself, and refers to that document for a complete description of its content.  X Corp. denies the

2  allegations in paragraph 5 to the extent they do not fully and accurately reflect the same.

3        6.      X Corp. admits venue is proper in this District because X Corp. conducts

4  business and is headquartered in San Francisco.  X Corp. states that the remaining allegations in

5  paragraph 6 of the Complaint refer to the MSA that speaks for itself, and refers to that document

6  for a complete description of its content.  X Corp. denies those allegations in paragraph 6 to the

7  extent they do not fully and accurately reflect the same.

8                              **DIVISIONAL ASSIGNMENT**

9        7.      X Corp. admits that assignment to the San Francisco Division is warranted

10 because X Corp. conducts business and is headquartered in San Francisco.  X Corp. denies all

11 remaining allegations, whether express or implied, in paragraph 7 of the Complaint.

12                                 **THE PARTIES**

13       8.      X Corp. lacks information or belief sufficient to answer the allegations in

14 paragraph 8 of the Complaint, and, on that basis, denies them.

15       9.      X Corp. admits that Twitter, Inc. was a corporation incorporated under the laws

16 of the State of Delaware, with its principal place of business in San Francisco, California.

17 Twitter, Inc. provided the Twitter service, now known as the X service.

18       10.     X Corp. admits that it is successor in interest to Twitter, Inc., is incorporated

19 under the laws of the State of Nevada with headquarters in San Francisco, California, and

20 operates the X service.  X Corp. denies all remaining allegations, whether express or implied, in

21 paragraph 10 of the Complaint.

22                        **COMMON FACTUAL ALLEGATIONS**

23       11.     X Corp. admits that Facilitate and/or one of its affiliates was retained to provide

24 services in at least one non-U.S. location in 2015.  X Corp. lacks information or belief sufficient

25 to answer the remaining allegations in paragraph 11 of the Complaint, and on that basis denies

26 them.

27       12.     X Corp. admits that it entered into the MSA with Plaintiff, and that the MSA

28 contains the word "Confidential" in the footer.  The remaining allegations in paragraph 12 of the

- 2 -

Complaint refer to that document, which speaks for itself, and X Corp. refers to that document for a complete description of its content. X Corp. denies the allegations in paragraph 12 to the extent they do not fully and accurately reflect the same.

13.     X Corp. admits that Facilitate was retained to provide services to X Corp. in London, Dublin, Singapore, and Australia, pursuant to the terms of the MSA and certain Statements of Work (each, an "SOW") entered into under the MSA. Those documents speak for themselves, and X Corp. refers to those documents for a complete description of their contents. X Corp. denies the allegations in paragraph 13 to the extent they do not fully and accurately reflect the same.

14.     X Corp. lacks information or belief sufficient to answer the remaining allegations in paragraph 14 of the Complaint, and on that basis denies them.

15.     Paragraph 15 contains Plaintiff's characterization of the Twitter, Inc. acquisition, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, X Corp. admits that in April 2022, Elon Musk offered to acquire Twitter, Inc., and Twitter, Inc. agreed to accept the offer, at a price of $54.20 per share. X Corp. lacks information or belief sufficient to answer the remaining allegations in paragraph 15 of the Complaint and, on that basis, denies them.

16.     Paragraph 16 contains Plaintiff's characterization of the Twitter, Inc. acquisition, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is required, X Corp. admits that Twitter, Inc. initiated litigation against Mr. Musk in the Court of Chancery in the State of Delaware (C.A. No. 2022-0613-KSJM) regarding Mr. Musk's offer to acquire Twitter, Inc. X Corp. admits that the litigation has been resolved and that the acquisition of Twitter, Inc. has since concluded. X Corp. lacks information or belief sufficient to answer the remaining allegations in paragraph 16 of the Complaint and, on that basis, denies them.

17.     X Corp. admits that the acquisition concluded on October 27, 2022. X Corp. denies all remaining allegations, whether express or implied, in paragraph 17 of the Complaint.

18.     Paragraph 18 contains Plaintiff's characterization of personnel matters at X

- 3 -

Corp., and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, X Corp. admits that it has experienced layoffs and resignations in its workforce since the time the acquisition was concluded on October 27, 2022.  X Corp. denies all remaining allegations, whether express or implied, in paragraph 18 of the Complaint.

19.     Paragraph 19 contains Plaintiff's characterization of X Corp.'s alleged moderation decisions, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, and given the lack of particularized scope of the allegations in Paragraph 19, X Corp. lacks information or belief to answer those allegations and, on that basis, denies them.

20.     Paragraph 20 contains Plaintiff's characterization of X Corp.'s alleged post-acquisition operations, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, X Corp. denies all remaining allegations in paragraph 20 of the Complaint.

21.     X Corp. admits it is working with some vendors and landlords to review existing contracts.  X Corp. lacks information or belief sufficient to answer the remaining allegations in paragraph 21 of the Complaint and, on that basis, denies them.

22.     X Corp. admits it is working with some counter-parties to review contracts.  X Corp. lacks information or belief sufficient to answer the remaining allegations in paragraph 22 of the Complaint and, on that basis, denies them.

23.     X Corp. admits it is working with some counter-parties to review contracts.  X Corp. lacks information or belief sufficient to answer the remaining allegations in paragraph 23 of the Complaint and, on that basis, denies them.

24.     X Corp. admits that Facilitate was retained to provide services to X Corp. in London, Dublin, Singapore, and Australia, pursuant to the terms of the MSA and certain Statements of Work (each, an "SOW") entered into under the MSA.  Those documents speak for themselves, and X Corp. refers to those documents for a complete description of their contents. X Corp. denies the allegations in paragraph 24 to the extent they do not fully and accurately

- 4 -

reflect the same.  X Corp. further admits that Facilitate submitted invoices to X Corp. in connection with the services purportedly rendered under the MSA and relevant SOWs.  Of note, the MSA provides that "[i]f the Statement of Work requires Supplier to complete certain milestones, Twitter's payment obligation will be expressly subject to Supplier's completion of such milestones to Twitter's reasonable satisfaction."  The relevant SOWs for each of Facilitate's projects at X Corp. facilitates in London, Dublin, Singapore and Australia provide that Facilitate will be paid according to its completion of milestones set forth in the SOWs, and that Facilitate "will invoice Twitter in the amounts specified upon Twitter's acceptance of the following milestones."

25.     X Corp. admits that Facilitate has submitted invoices to X Corp. as shown in the chart in paragraph 25 in the Complaint, and that those balances have not yet been paid.  X Corp. denies, however, that those amounts are due and owing, as X Corp. is unaware of Facilitate completing the milestones set forth in the relevant SOWs to X Corp.'s reasonable satisfaction at each milestone.

26.     X Corp. admits that Facilitate has submitted invoices to X Corp. as shown in the chart in paragraph 26 in the Complaint, and that those balances have not yet been paid.  X Corp. denies however that those amounts are due and owing, as X Corp. is unaware of Facilitate completing the milestones set forth in the relevant SOWs to X Corp.'s reasonable satisfaction at each milestone.

27.     X Corp. admits that Facilitate has submitted invoice no. 1754 to X Corp. as shown in the chart in paragraph 27 in the Complaint, and that balance has not yet been paid.  X Corp. denies however that amount is due and owing, as X Corp. is unaware of Facilitate completing the milestones set forth in the relevant SOWs to X Corp.'s reasonable satisfaction at each milestone.  Moreover, X Corp. denies that Facilitate properly submitted invoice nos. 1919 and 1934 as shown in the chart in paragraph 27 in the Complaint, and on that basis denies all remaining allegations in paragraph 27.

28.     X Corp. lacks information or belief sufficient to answer the allegations in paragraph 28 of the Complaint, and on that basis denies them.

- 5 -

1    29.    X Corp. lacks information or belief sufficient to answer the allegations in

2    paragraph 29 of the Complaint, and on that basis denies them.

3    30.    X Corp. states that the allegations in paragraph 30 of the Complaint refer to a

4    document, which speaks for itself, and X Corp. refers to that document for a complete

5    description of its content.  X Corp. denies the allegations in paragraph 30 to the extent they do

6    not fully and accurately reflect the same.  X Corp. admits that the MSA provides that "[i]f the

7    Statement of Work requires Supplier to complete certain milestones, Twitter's payment

8    obligation will be expressly subject to Supplier's completion of such milestones to Twitter's

9    reasonable satisfaction."  The relevant SOWs for each of Facilitate's projects at X Corp.

10    facilitates in London, Dublin, Singapore and Australia provide that Facilitate will be paid

11    according to its completion of milestones set forth in the SOWs, and that Facilitate "will invoice

12    Twitter in the amounts specified upon Twitter's acceptance of the following milestones."

13                              **FIRST CAUSE OF ACTION**

14                               **(Breach of Written Contract)**

15    31.    X Corp. incorporates by reference its responses to paragraphs 1-30.

16    32.    X Corp. admits that it entered into a MSA and SOWs with Plaintiff.  X Corp.

17    states that the allegations in paragraph 32 of the Complaint refer to a document, which speaks

18    for itself, and X Corp. refers to that document for a complete description of its content.  Twitter

19    denies the allegations in paragraph 32 to the extent they do not fully and accurately reflect the

20    same.  X Corp. admits that the MSA provides that "[i]f the Statement of Work requires Supplier

21    to complete certain milestones, Twitter's payment obligation will be expressly subject to

22    Supplier's completion of such milestones to Twitter's reasonable satisfaction."  The relevant

23    SOWs for each of Facilitate' s projects at X Corp. facilitates in London, Dublin, Singapore and

24    Australia provide that Facilitate will be paid according to its completion of milestones set forth

25    in the SOWs, and that Facilitate "will invoice Twitter in the amounts specified upon Twitter's

26    acceptance of the following milestones."

27    33.    X Corp. lacks information or belief sufficient to answer the allegations in

28    paragraph 33 of the Complaint, and, on that basis, denies them.

- 6 -

34.     X Corp. denies the allegations in paragraph 34 of the Complaint.

35.     X Corp. denies the allegations in paragraph 35 of the Complaint.

## **AFFIRMATIVE DEFENSES**

X Corp. alleges the following separate and additional defenses and objections.  By pleading these objections, X Corp. does not, in any way, agree or concede it has the burden of proof or persuasion on any of these issues.  X Corp. reserves the right to assert additional defenses and objections in the event discovery or further investigation demonstrates any such defenses or objections are appropriate or applicable.

### **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

The Complaint fails to allege facts sufficient to state a claim against X Corp.

### **SECOND AFFIRMATIVE DEFENSE**

### **(Performance)**

X Corp. has performed and satisfied each and every obligation imposed on it, if any, by agreement and by law.

### **THIRD AFFIRMATIVE DEFENSE**

### **(Good Faith)**

X Corp. acted at all times in good faith with respect to all contract action regarding Plaintiff.

### **FOURTH AFFIRMATIVE DEFENSE**

### **(Breach of Contract)**

Plaintiff breached the operative written agreement it entered into with X Corp. and, as such, X Corp. is excused from performing all of its obligations set forth in that contract and Plaintiff is barred from obtaining any relief under it.

### **FIFTH AFFIRMATIVE DEFENSE**

### **(No Legal / Contractual Violations By X Corp.)**

X Corp. did not violate any express, implied and/or ostensible duties, obligations, and/or responsibilities owing to Plaintiff.

- 7 -

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel and Waiver)**

The claim in the Complaint is barred by the doctrines of estoppel and/or waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Plaintiff is barred by the doctrine of unclean hands from asserting the claim in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiff's claims are barred, in whole or in part, as a result of its failure to mitigate its alleged damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

**(Contributing Act)**

Plaintiff has suffered no damage or injury as a direct or proximate result of X Corp.'s actions alleged in the Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Frustration of Purpose)**

The Complaint and each purported cause of action therein is barred because of the doctrine of frustration of purpose.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Impracticability)**

X Corp.'s alleged duties as claimed in the Complaint, if any so existed, have been excused in that the performance of said obligation(s) is and has been made impractical.

**PRAYER FOR RELIEF**

WHEREFORE, X Corp. prays for judgment as follows:

A.     Plaintiff take nothing by the Complaint, and the court enters judgment against plaintiff and in favor of X Corp.;

B.     The court awards X Corp. its costs of suit; and

- 8 -

1        C.     Such other and further relief as this court deems just and proper.

2

3    Dated:  August 21, 2023                        WHITE & CASE LLP

4

5                                          By:    */s/ J. Jonathan Hawk*

6                                               J. Jonathan Hawk

7                                        Attorneys for Defendant X
     CORP., as successor in interest

8                                        to first named Defendant
     Twitter, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT;
NO. 4:23-CV-3242-YGR