1  J. JONATHAN HAWK (SBN 254350)
   jhawk@whitecase.com
2  WHITE & CASE LLP
   555 South Flower Street, Suite 2700
3  Los Angeles, CA  90071-2433
   Telephone:  (213) 620-7700
4  Facsimile:  (213) 452-2329

5  Attorneys for Defendant X CORP., as
   successor in interest to first named
6  Defendant Twitter, Inc.

7

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10               **SAN FRANCISCO DIVISION**

11 Facilitate Corporation Pte Ltd,          No. 4:23-cv-3242-YGR

12              Plaintiff,

13                                          **ADMINISTRATIVE MOTION TO FILE**
                                           **UNDER SEAL**
14        v.

15 Twitter, Inc. and X Corp., Inc,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

1    **I.      <u>INTRODUCTION</u>**

2           Pursuant to Civil Local Rules 7-11 and 79-5 of the Northern District of California,

3    Defendant X Corp., as successor in interest to first named Defendant Twitter, Inc. ("X Corp."),

4    hereby moves the Court to issue an administrative order authorizing the filing under seal of X

5    Corp.'s Supplemental Rule 7.1 Corporate Disclosure Statement and Certification Pursuant to

6    Local Rule 3-15 ("Supplemental Corporate Disclosure Statement"), and, because of risk of

7    threats, harassment, and invasion of privacy, certain identifying information of the X Corp.

8    employee submitting the supporting declaration (the "Employee Declaration").

9           On August 21, 2023, Plaintiff's counsel requested that X Corp. file a supplemental

10   corporate disclosure statement.  X Corp. has now submitted concurrently herewith a

11   Supplemental Corporate Disclosure Statement listing of all shareholders that have an ownership

12   interest in the privately held corporation and parent company to X Corp., X Holdings Corp. ("X

13   Holdings").

14          However, because the identities of these owners constitute private and confidential

15   business information that is not publicly available and the disclosure of which would result in

16   injury, X Corp. requests that the Court authorize this filing under seal.  Because the sole

17   purpose of the Corporate Disclosure Statement under Local Rule 3-15 is to allow the Judge to

18   determine whether a conflict exists that would necessitate recusal, no legitimate purpose is

19   served by any public-facing filing of this private and confidential information.

20          Notably, Judge Illston, on June 13, 2023 in *Anoke, et al. v. Twitter, Inc., et al.*, No. 23-cv-

21   02217-SI, approved this same request to seal the information contained in the Supplemental

22   Corporate Disclosure Statement, made by X Corp. and X Holdings, over opposition from the

23   same counsel that is representing Plaintiff here.  ECF 39, Order Granting Administrative

24   Motion to File Under Seal (N.D. Cal. June 13, 2023).  Judge Chen, on June 26, 2023, in *Global

25   Data Strategy, Ltd v. Twitter, Inc., et al.*, No. 3:23-cv-02266-EMC, likewise approved the same

26   request (albeit unopposed) based on the same rationale.  ECF 20, Order Granting Unopposed

27   Administrative Motion to File Under Seal.

28          Plaintiff has indicated that it will <u>not</u> oppose the request to seal the identifying

ADMINISTRATIVE MOTION TO FILE
UNDER SEAL; NO. 4:23-cv-3242-YGR

1    information of the X Corp. employee submitting the Employee Declaration, but intends to

2    oppose the request to seal the Supplemental Corporate Disclosure Statement.[1]

3    **II.    LEGAL STANDARD**

4           Courts apply a "strong presumption in favor of access" to court records. *Kamakana v. City*

5    *and Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  However, the presumption of access

6    to court records can be overcome when a party demonstrates important countervailing interests in

7    maintaining the confidentiality of sensitive and private personal or business information.  *San*

8    *Jose News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999).  Confidentiality protections are

9    not limited to trade secrets.  *See*, *e.g.*, *Pintos v. Pacific Creditors Assoc.*, 504 F.3d 792, 801 (9th

10   Cir. 2007); *Hagestead v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995); *see also* Fed. R. Civ.

11   Proc. 26(c)(1)(G) (permitting protection of "trade secrets" and other "confidential commercial

12   information.").  Nor are confidentiality protections limited to a company's sensitive financial

13   information, business forecasts, and intellectual property.  "In deciding whether sufficient

14   countervailing interests exist, the court will look to the public interest in understanding the

15   judicial process and whether disclosure of the material could result in improper use . . ." *Phillips*

16   *v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

17          In addition, under Article I, section 1 of the California Constitution, persons have a

18   constitutional inalienable right to privacy.  This right to privacy includes the privacy of a person's

19   financial information, such as investments and financial holdings.  *See Valley Bank of Nevada v.*

20   *Superior Ct.*, 15 Cal. 3d 652, 656, (1975) (discussing the "inalienable right" of privacy under the

21   California Constitution and finding that courts "may safely assume that the right of privacy extends

22   to one's confidential financial affairs as well as to the details of one's personal life").  The existence

23   of an ownership share and/or interest in a private corporation clearly constitutes a person's private

24   financial information that is protected under the California Constitution.

25          Courts also draw an important distinction between the standard for the sealing of records

26   attached to dispositive motions versus non-dispositive motions.  *See*, *e.g.*, *Best Odds Corp. v. iBus*

27

28   _____
     [1] Plaintiff here is represented by the same counsel as plaintiffs in *Anoke* and *Global Data*.

ADMINISTRATIVE MOTION TO FILE
UNDER SEAL; NO. 4:23-CV-3242-YGR

1   *Media Ltd.*, No. 2:14-cv-00932-RCJ-VCF, 2014 WL 5687730, *2 (Nov. 4, 2014) (citing

2   *Kamakana*, 447 F.3d 1172 at 1180).  "This distinction is predicated on the fact that different

3   interests are at stake with dispositive and non-dispositive motions." *Best Odds Corp.*, 2014 WL

4   5687730, at *2.  As a result, "[w]ith non-dispositive motions, *private interests predominate*." *Id.*

5   (emphasis added).  A request to seal records attached to non-dispositive motions "merely requires

6   satisfying Rule 26(c)" and a showing of "good cause," and the district court has "much flexibility

7   in balancing and protecting the interests of private parties" under this standard. *Id* . Indeed, "the

8   good cause standard may be satisfied by showing mere embarrassment, incrimination, or

9   exposure to undue litigation expenses." *Id.* (citing Fed. R. Civ. P. 26(c)).

10   **III.   ARGUMENT**

11          The Court should grant X Corp.'s motion to authorize the filing under seal of its

12   Supplemental Corporate Disclosure Statement and the identifying information of the X Corp.

13   employee submitting the Employee Declaration.

14          **A.      Supplemental Corporate Disclosure Statement Should Be Filed Under Seal**

15          The Supplemental Corporate Disclosure Statement is not a motion, let alone a dispositive

16   motion, but rather a document the sole purpose of which is for the assigned judge to consider

17   whether any conflict exists that would require recusal.  Here, good cause exists to seal the

18   portions of the filing that reveal the identifies of X Holdings' owners/shareholders due to the

19   countervailing interests in maintaining the confidentiality of this sensitive confidential and private

20   business information.  The owners/shareholders of X Holdings include various individual persons,

21   private family and other trusts, and other private entities (such as funds, LLCs and corporations).

22   Employee Declaration, ¶ 3.  As a matter of routine practice and policy, X Holdings does not

23   publish or make publicly available information regarding its owners/shareholders and treats such

24   information as confidential.  *Id.*  Individuals and entities investing and taking an ownership

25   interest in a private corporation such as X Holdings expect that such information will remain

26   private.  *Id.*  The disclosure of such information violates this expectation of privacy. Also, in

27   certain cases, X Holdings is contractually bound to keep such information confidential.  *Id.*

28          Denying X Corp.'s request for sealing here will cause injury to the owners/shareholders

3

1   whose identities would be disclosed in a public court filing, and to X Holdings by revealing its

2   confidential business information.  The wholesale disclosure of information regarding its

3   owners/shareholders potentially could enable X Holdings' competitors to undermine X Holdings'

4   competitive position in the marketplace, allow current or prospective business partners or

5   counterparties to take unfair advantage of X Holdings in negotiations or other business affairs, or

6   otherwise prejudice X Holdings' business interests.  To that end, X Holdings has policies that

7   prohibit employees from accessing information beyond what is reasonably necessary to perform

8   their duties, limiting access to certain non-public information, permitting access to documents and

9   data on a need-to-know basis, and requiring employees to sign confidentiality agreements.

10  Employee Declaration, ¶ 4.  The act of disclosing (and making public) financial information

11  protected by a right of privacy itself constitutes an injury to owners' privacy interests.

12       No less restrictive alternative exists to sealing this information that be sufficient to protect

13  the interests at stake here.

14       The disclosure of X Holdings' shareholders to the Court *under seal* would fully comply

15  with and promote the purposes underlying Rule 7.1 and Civil Local Rule 3-15.  Rule 7.1 of the

16  Federal Rules of Civil Procedure serves to "support properly informed disqualification decisions"

17  by the Court. F.R.C.P. 7.1, Committee Notes on Rules – 2002.  Similarly, Civil Local Rule 3-15

18  is intended to aid the Court in determining whether any potential conflicts of interest exist that

19  would lead the assigned Judge to recuse him or herself. *See* N.D. Cal. Civil L-R 3-15(b)(1) ("The

20  Certification must disclose whether the party is aware of any conflict, financial or otherwise, that

21  the presiding judge may have with the parties to the litigation.").  As a result, X Corp.'s filing of

22  the Supplemental Corporate Disclosure Statement under seal to the Court and redacting the

23  identities of X Holdings' shareholders/owners from the publicly filed document fully satisfies all

24  competing interests -- allowing the Court to determine whether a conflict exists while

25  simultaneously safeguarding confidential and private business and financial information and

26  preventing potential misuse of this information.  *See Best Odds Corp.*, 2014 WL 5687730, at \*2

27  (granting the defendant's motion to file a redacted certificate of interested parties and noting that

28  sealing the disclosure will "(1) satisfy Rule 7.1's purpose, by enabling the court to determine

4

1    whether a conflict of interest exists, and (2) act as a prophylactic against potential[] litigation

2    abuses that will needlessly increase the cost of litigation.").

3        Federal Rule of Civil Procedure 7.1 and Civil Local Rule 3-15 serve the Court and its

4    interests in avoiding potential conflicts of interest. X Corp. has made compliant disclosures that

5    afford this Court the opportunity to assess whether any conflict of interest exists.

6        Indeed, Judge Illston and Judge Chen recently considered and agreed with these very

7    arguments in connection with requests by X Corp. to seal the same information that is set forth in

8    X Corp.'s Supplemental Corporate Disclosure Statement here. *Anoke,* ECF 36-39, *Global Data*,

9    ECF 19-20.  Judge Illston did so over opposition from counsel to Plaintiff in this matter, who is

10   counsel of record to Plaintiffs in *Anoke*.  *Anoke,* ECF 39.  The same result should be reached in

11   this case.

12        **B.    Certain Information In the Employee Declaration Should Be Filed Under Seal**

13       Under Local Rule 79-5(e), the Court should issue an order sealing the identifying

14   information of the X Corp. employee submitting the Employee Declaration.  X Corp. proposes a

15   narrow sealing solely to redact the name and identifying information of the declarant, and

16   Plaintiff does not oppose this request.  A redacted version of the Employee Declaration has been

17   submitted herewith.

18       Permitting X Corp. to file the narrowly redacted X Corp. Employee Declaration would

19   protect the declarant from threats, harassment, and an invasion of privacy of their identity were

20   disclosed, without undermining public access to the substantive information contained in the

21   Employee Declaration.  Employee Declaration, ¶ 6; *see, e.g., EEOC v. Dial Corp.*, No. 99 C

22   3356, 2000 WL 684195, at *3 (N.D. Ill. May 16, 2000) (finding good cause for sealing

23   information "specifically identifying the persons about which information is given, whether by

24   deposition or otherwise," to avoid the risk of their reputations being unfairly affected "if

25   identification were made").

26       Courts routinely seal similar information due to privacy concerns.  *See*, *e.g.*, *Hunt v.

27   Cont'l Cas. Co.*, No. 13-cv-05966, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) (ordering

28   redaction of names of defendant's employees and finding information "implicates important

1  privacy concerns of non-parties -- whose names are not relevant to the disposition of this case --

2  that outweigh the public's interest in disclosure"); *In re Bofi Holdings, Inc. Sec. Litig.*, No. 3:15-

3  cv-02324, 2016 WL 5390533, at *16 (S.D. Cal. Sept. 27, 2016 (finding the "fear [of] retaliation

4  and potential harassment" of employees constituted "compelling reasons that outweigh the

5  public's interest in disclosure" of identities).

6          X Corp.'s redactions are narrowly tailored to seek seeking of only that material that is

7  necessary to protect the declarant and that is not relevant to the substance of this case.  Here, as in

8  other cases, the declarant's "name[] [is] not relevant to the disposition of this case," and

9  "implicates important privacy concerns … that outweigh the public's interest in disclosure," such

10 as possible security concerns, threats, or harassment.  Employee Declaration, ¶ 6; *Hunt*, 2015 WL

11 5355398, at *2; *see also Martell v. X Corp.*, No. 1:23-cv-05449, ECF 12, Notification of Docket

12 Entry (E.D. Ill. Aug. 16, 2023) (granting unopposed request to seal certain information in support

13 of employee declaration).  There is no less restrictive alternative to sealing because X Corp. seeks

14 to redact only the declarant's name and minimal identifying information.

15 **IV.     <u>CONCLUSION</u>**

16         For the foregoing reasons, X Corp. respectfully moves this Court to grant its Motion for

17 Administrative Relief to keep sealed the Supplemental Corporate Disclosure Statement and the

18 identifying information of the X Corp. employee submitting the Employee Declaration.

19
20 Dated:  September 20, 2023                        WHITE & CASE LLP

21
22                                                  By:___/s/ *J. Jonathan Hawk*___
                                                         J. Jonathan Hawk
23
24                                                  Attorneys for Defendant X
                                                    CORP., as successor in interest
25                                                  to first named Defendant
                                                    Twitter, Inc.

26
27
28

                                        6