Ethan Jacobs (SBN 291838)
Ethan Jacobs Law Corporation
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

Attorneys for Plaintiff
Facilitate Corporation Pte Ltd

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Facilitate Corporation Pte Ltd,<br><br>Plaintiff,<br>v.<br><br>Twitter, Inc. and X Corp., Inc.,<br><br>Defendants. | Case No.: 4:23-CV-3242-YGR<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO X CORP.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ i

I.     Introduction ..........................................................................................................................1

II.    Argument .............................................................................................................................1

       A.     The "Compelling Reasons" Standard Applies to X's Motion to Seal and Has Almost Never Been Found to Permit Filing a Local Rule 3-15 Certification Under Seal. ................................................................................................................1

       B.     X Has Not Shown Compelling Reasons or Good Cause to Seal its Local Rule 3-15 Certification. ..............................................................................................3

III.   Conclusion ..........................................................................................................................5

## I.   INTRODUCTION

When X Corp. filed its Local Rule 3-15 disclosures under seal in a different lawsuit in June 2023, it had never been done before in the Northern District of California. Many individuals and entities with financial interests in lawsuits before this court would prefer to remain anonymous—but Local Rule 3-15 does not provide for that. Because X's motion to seal (the "Motion") fails to overcome the strong preference for public access to judicial records by providing compelling reasons to seal, X's motion should be denied.

## II.   ARGUMENT

There reasons the motion should be denied are simple. First, the stringent "compelling reasons" standard governs X's request, and no court has never approved sealing a Local Rule 3-15 certification until this June. And second, X hasn't met that standard in its motion because its broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, cannot justify sealing its Local Rule 3-15 certification.

**A.   The "Compelling Reasons" Standard Applies to X's Motion to Seal and Has Almost Never Been Found to Permit Filing a Local Rule 3-15 Certification Under Seal.**

Contrary to X's statement that "no legitimate purpose is served by any public-facing filing" of the material, there is a "strong preference for public access" to inspect judicial records that is the baseline presumption X must overcome. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). That presumption may be rebutted only through a showing of "compelling reasons," or "good cause." *Id.*, 809 F.3d at 1096-97.

Permitting public access to judicial records serves the public interest: "[S]ecrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983). Publicity, on the other hand, "enhances the quality and safeguards the integrity of the factfinding process." *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606 (1982) (discussing access in criminal context).

And the only court records the Ninth Circuit permits to be sealed without compelling

reasons are (1) records that "have traditionally been kept secret for important policy reasons," such as "grand jury transcripts and warrant materials in the midst of a pre-indictment investigation"; and (2) "sealed discovery documents attached to a non-dispositive motion." *Kamakana v. City and Cty. Of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (alterations and internal quotation marks omitted).

X argues that the "good cause" standard applies because the Motion is "non-dispositive." Mot. at 2-3. But the exception to the baseline requirement to "compelling reasons" is for confidential materials ***produced in discovery***, with the "good cause" standard imported from Federal Rule of Civil Procedure Rule 26(c) which governs protective orders in discovery. *Id.* 809 F.3d at 1097. Because the Motion seeks to seal its conflicts disclosures, and not materials produced in discovery, the "good cause" standard does not apply.

Further, the Ninth Circuit's *Center for Auto Safety* decision clarified that public access does not merely depend on the filing being a technically "dispositive," and instead turns on whether it "is more than tangentially related to the merits of a case." *Ctr. For Auto Safety,* 809 F.3d at 1101.

Given the "public interest in disclosure of companies with whom a federal judge may have a conflict of interest," *Steel Erectors, Inc. v. AIM Steel Int'l, Inc.*, 312 F.R.D. 673, 675 (S.D. Ga. 2016) (denying motion to seal disclosure statement), and the public's first amendment right to that information, *Courthouse News Serv. v. Planet*, 750 F.3d 776, 785 (9th Cir. 2014) ("access to public proceedings and records is an indispensable predicate to free expression about the workings of government"), the "compelling reasons" standard should apply.[1] X does not attempt to meet this standard, and the Motion therefore should be denied.

Also, the *Center for Auto Safety* decision—and earlier Ninth Circuit decisions that

---

[1] In *Kemper Holdings LLC v. Am. Int'l Grp.*, 2020 U.S. Dist. LEXIS 242073 (W.D. Wash., Dec. 23, 2020), the court denied a stipulated motion to seal corporate disclosure because general allegation that members "will be subjected to unnecessary attention and annoyance" were not a specific concern. The court there applied, without analysis, the "good cause" standard, but found that the "the strong presumption of access" was not overcome in light of "the public's right to evaluate whether conflicts exist," suggesting a heightened level of review.

addressed the standard for sealing filings—focus on motions and their attachments because those are by far the most common filings parties seek to file under seal. Indeed, instances of parties seeking to file conflicts disclosures are exceedingly rare. There does not appear to be a single Northern District of California precedent for filing a Local Rule 3-15 disclosure under deal before X started doing so a few months ago. Most undisclosed owners of entities in litigation in the Northern District of California would prefer not to disclose the information to the public, but they must and they do.

Tellingly, X's motion cites only three examples of sealed conflicts disclosures: X's own recent motions to file its conflicts disclosures under seal and one nine-year-old District of Nevada decision, *Best Odds Corp. v. iBus Media Ltd.*, 2014 WL 5687730 (D. Nev. Nov. 4, 2014). But *Best Odds* is not controlling, and it is inapplicable. In that case, the defendant argued that the plaintiff brought a baseless lawsuit and was improperly using the disclosure obligations as a discovery tool to seek leverage over the defendant's undisclosed corporate parent. *See* Declaration of Ethan Jacobs ("Jacobs Decl.") Ex. A. The court therefore allowed the plaintiff to file its disclosures in camera. None of those factors are at play here.

### B.  X Has Not Shown Compelling Reasons or Good Cause to Seal its Local Rule 3-15 Certification.

Even if the more lenient "good cause standard" applied, X still fails to meet it. A showing of "specific prejudice or harm" is required, and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). None of the reasons X provides meet even this lower standard.

*First*, X advances the blanket claims that "[i]ndividuals and entities investing and taking an ownership interest in a private corporation such as X Holdings expect that such information will remain private." Employee Decl., ¶ 3. But if so, they do not realistically expect that information is *guaranteed* to remain private. Sophisticated investors know that there are situations in which corporations must disclose their ownership.

1  This is one such situation: countless businesses are sued in the Northern District of
2  California—and in other districts with similar conflicts disclosure requirements—yet before X
3  Corp., there does not appear to be a single Local Rule 3-15 disclosure filed under seal to protect
4  a privacy expectation. An investor in a business cannot realistically believe his or her identity
5  would remain confidential when the business became involved in litigation in this court. And no
6  one can realistically believe that a multi-billion dollar company based in San Francisco, such as
7  X, would never be sued in this court. *See, e.g., Wiens Cap. Mgmt., LLC v. Advoc. Consulting*
8  *Legal Grp., PLLC*, 2023 WL 2435806, at *2 (M.D. Fla. Feb. 16, 2023) (denying motion to seal
9  Rule 7.1 disclosure in face of claimed privacy expectation because party that chose federal forum
10  "had to have known" the rule required disclosure).

11  ***Second***, X claims that its parent, X Holdings, "is contractually bound" to keep the
12  information confidential "in certain cases," Employee Decl., ¶ 4, but X does not identify which
13  cases, which contracts, or explain why this mandates sealing the identity of ***every*** one of the over
14  ninety owners of X Holdings. *See* Jacobs Decl. Ex. B (indicating over ninety redacted interested
15  parties). Indeed, the mere fact that some investors have publicly announced their investments,
16  *see* Jacobs Decl. Ex. C, and that others have been reported on, *see* Shabban & Siddiqi, *Here's*
17  *Who Helped Elon Musk Buy Twitter*, Washington Post (Dec. 24, 2022), all without apparent
18  negative consequence, renders X's blanket attempt to redact every name frivolous.

19  ***Third***, X makes vague but sweeping assertion that disclosure "potentially could" cause
20  unspecified harm to X Holdings' "competitive position" by allowing "current or prospective
21  business partners or counterparties to take unfair advantage" of X Holdings. *Id*. at ¶ 4. But X
22  Holdings' only disclosed business is owning Twitter, now renamed X; it does not have
23  "competitors" who could obtain an advantage over it—or, at least, X's motion fails to explain
24  how it has any, or how they could harm it by knowing who owns it. X's failure to spell out the
25  potential harm is not mere neglect: Facilitate's counsel identified this exact point to X's counsel,
26  along with criticisms of X's position, in pre-motion meet-and-confer correspondence. Jacobs
27  Decl. Ex. D.

1    In short, X has provided no "specific demonstrations of fact," but only "broad,
2 conclusory allegations of potential harm." *Stewart v. Quest Diagnostics Clinical Lab'ys, Inc.*,
3 2020 WL 8513113, at *1 (S.D. Cal. Dec. 16, 2020).
4    Courts have repeatedly rejected attempts to seal disclosure statements, even when the
5 motion is unopposed, in the absence of specific, nonconclusory showings of harm. *See, e.g.*,
6 *Wilkins v. Tory Burch, LLC*, 2023 WL 3600084, at *2 (E.D. Mo. May 23, 2023) (rejecting
7 unopposed motion and collecting cases). X has presented nothing but conclusory allegations of
8 harm, and certainly nothing that would meet its burden to justify sealing judicial records. X has
9 not shown good cause, and its motion therefore should be denied.

### III.     CONCLUSION

In short, X's motion to seal should be denied because it fails to show either "compelling reasons" or "good cause" to overcome the presumption of public access and justify sealing its conflicts disclosures.

Dated:     September 21, 2023

By:   /s/ Ethan Jacobs

Ethan Jacobs
ETHAN JACOBS LAW CORPORATION
100 Pine Street, Suite 1250
San Francisco, California 94111
ethan@ejacobslaw.com

*Attorneys for Plaintiff*
*Facilitate Corporation Pte Ltd*