Ethan Jacobs (SBN 291838)
Ethan Jacobs Law Corporation
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

Attorneys for Plaintiff
Facilitate Corporation Pte Ltd

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Facilitate Corporation Pte Ltd, | Case No.: 4:23-CV-3242-YGR |
| Plaintiff, | **DECLARATION OF ETHAN JACOBS IN OPPOSITION TO X CORP.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| v. | |
| Twitter, Inc. and X Corp., Inc., | |
| Defendants. | |

I, Ethan Jacobs, declare as follows:

1.      I am the principal of Ethan Jacobs Law Corporation, counsel of record for plaintiff Facilitate Corporation Pte Ltd ("Facilitate") in this action. I am licensed to practice in the State of California. I submit this declaration in opposition to defendant X Corp.'s Administrative Motion to Seal. I have personal knowledge of the facts set forth in this declaration and, if necessary, I could and would competently testify to those facts.

2.      **Exhibit A**, attached, is a true and correct copy of the Motion For Leave To File Certificate Of Interested Parties For In Camera Review Only, in *Best Odds Corp. v. iBus Media Ltd*, D. Nev. Case No. 2:14-cv-00932-RCJ-VCF, Dkt. No. 12. The court may take judicial notice of this document. *See, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741,

746 n. 6 (9ᵗʰ Cir. 2006). ("We may take judicial notice of court filings and other matters of public record").

3.     **Exhibit B**, attached, is a true and correct copy of the publicly filed, redacted Local Rule 3-15 certifications filed by X Corp. and the other respondents in *Anoke v. Twitter, Inc.*, N.D. Cal. Case No. 3:23-cv-02217.

4.     **Exhibit C**, attached, is a true and correct copy of a Tweet sent from the verified Twitter account of Prince Alwaleed Bin Talal Al Saud of Saudi Arabia, containing a press release announcing that the Twitter shares controlled by the Prince and by Kingdom Holding Company had been rolled over into the new Twitter venture, and that they were, "after Elon Musk" the second largest investor in Twitter. The Tweet may also be viewed, as of the time this declaration was executed, at its original link at https://twitter.com/Alwaleed_Talal/status/1585975226567110656.

5.     **Exhibit D**, attached, is a true and correct copy of an email exchange between me and counsel for X Corp. in which we exchange our positions on X Corp.'s anticipated administrative motion to seal its Local Rule 3-15 certification.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 21st day of September, 2023 in San Francisco, California.

/s/ Ethan Jacobs
Ethan Jacobs

2

# Exhibit A

Greg Brower
Nevada Bar No. 5232
Craig S. Denney
Nevada Bar No. 6953
Carrie L. Parker
Nevada Bar No. 10952
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone: 775-785-5440
Facsimile: 775-785-5441
Email: gbrower@swlaw.com
        cdenney@swlaw.com
        cparker@swlaw.com

*Attorneys for Defendants, IBUS MEDIA LTD. and*
*IBUS MEDIA HOLDINGS (IOM) LTD.*

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775-785-5440

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BEST ODDS CORP.,

                   Plaintiff,

vs.

IBUS MEDIA LIMITED, et al.

                   Defendants.

Case No. 2:14-CV-00932-JAD-GWF

**MOTION FOR LEAVE TO FILE CERTIFICATE OF INTERESTED PARTIES FOR IN CAMERA REVIEW ONLY**

**I.**

**INTRODUCTION**

       Pursuant to Local Rule 10.5, Defendants iBus Media Ltd. and iBus Media Holdings (IOM) Ltd. ("Defendants") move for leave to submit the Certificate of Interested Parties for *in camera* review only. This relief is necessary in order to protect Defendants from the undue prejudice that would almost certainly result from the filing of a Certificate of Interested Parties in the usual, unredacted form, while at the same time providing to the Court the information necessary to fulfill the purpose of the filing of such a Certificate.

This is not the first time that Plaintiff has filed suit against Defendants over the same nucleus of operative facts.[1] In the first case, case number 2:13-CV-02008-RCJ-VCF ("Best Odds I"), Plaintiff was unsuccessful at obtaining the information contained in a Certificate of Interested Parties, and it was unsuccessful in surviving Defendants' Motion to Dismiss.[2] In Best Odds I, Judge Jones granted the motion to dismiss, which Plaintiff has appealed to the Ninth Circuit ("Best Odds I Appeal"). Prior to Judge Jones' dismissal, Magistrate Judge Ferenbach ordered that the Certificate of Interested Parties be filed *ex parte* under seal and submitted *in camera*.[3] Now, Defendants find themselves in a *de ja vu* scenario, having filed a Motion to Dismiss (ECF No. 7) in this case, "Best Odds II," and filing this Motion for Leave to File Certificate of Interested Parties for *In Camera* Review Only ("Motion"), similar to the corresponding motions filed in Best Odds I. Thus, Defendants again respectfully request leave to submit the Certificate of Interested Parties for *in camera* review only.

## II.

## BACKGROUND

As noted above, Plaintiff previously filed suit against Defendants in Best Odds I, which Judge Jones dismissed, and which Plaintiff has appealed. In Best Odds I, Defendants argued that that case was yet another example of a pattern wherein both the Plaintiff in this matter and its attorney, Steven Gibson, have a history of filing baseless "strike" suits alleging copyright violations.[4] Defendants have reason to believe that Plaintiff's true purpose in filing this lawsuit,

---

[1] Defendants have filed a Motion to Dismiss Complaint, ECF No. 7, which is currently pending before this Court.

[2] Defendants have filed a Notice of Related Cases in this case and in Best Odds I and anticipate that this case may be re-assigned to the Honorable Chief Judge Robert Jones and Magistrate Judge Ferenbach. A true and correct copy of the Notice of Related Cases is attached hereto as **Exhibit 1**. To the extent that it is reassigned, a Certificate of Interested Parties may no longer be necessary as Judge Jones and Magistrate Judge Ferenbach have already made their conflicts determinations. However, in an abundance of caution and in light of this Court's Order, Defendants hereby file this Motion.

[3] A true and correct copy of Judge Ferenbach's Order is attached hereto as **Exhibit 2**.

[4] *Righthaven v. Hoehn*, 716 F.3d 1166, 1168 (9th Cir. 2013); *see also* David Kravets, *Newspaper Chain's New Business Plan: Copyright Suits*, WIRED, (Jul. 22, 2010) (http://www.wired.com/threatlevel/2010/07/copyright-trolling-for-dollars/); RIGHTHAVEN LAWSUITS, http://righthavenlawsuits.com/index.html (last updated January 28, 2014) (providing a thorough index of cases filed and articles posted involving Righthaven).

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775/785-5440

as it was in filing Best Odds I, is to discover the identity of Defendants' parent corporations in order to create additional leverage for a hoped-for settlement of its claims. Apparently, not aware of the identity of these parent corporations, but aware that the mere filing of the suit would, in the normal course, require their disclosure by Defendants at the very outset of the case per Rule 7.1, Plaintiff's counsel, on behalf of his client, has apparently filed this suit with this very objective. Clearly, filing suit for such a purpose, without more, is an improper use of the judicial system, and Defendants should not be required to make such disclosures in the normal course in light of this apparent purpose.

Because of Plaintiff's apparent objective to obtain knowledge of Defendants' parent corporations through a Certificate of Interested Parties filed pursuant to FED. R. CIV. P. 7.1 and LR 7.1-1, Defendants moved in Best Odds I for leave to submit the Certificate of Interested Parties *in camera*. Magistrate Ferenbach granted that motion in part.[5]

In Best Odds I, the Court granted Defendants' Motion to Dismiss on or about June 4, 2014. Less than two weeks later, Plaintiff filed the Complaint in this case on or about June 13, 2014. For all the reasons set forth below, Defendants seek the same relief in this case as was granted in Best Odds I.

## III.

## LEGAL ANALYSIS

Rule 7.1 requires the certificate of Interested Parties to aid the trial judge in determining whether to recuse him- or herself because of an interest in a corporate entity related to a party. *See* FED. R. CIV. P. 7.1 (original advisory note); LR 7.1-1 (requiring the disclosure statement to include the following in its certification: "These representations are made to enable judges of the Court to evaluate possible disqualifications or recusal"). Conversely, Rule 7.1 is not intended to provide "free discovery" to a plaintiff for an improper purpose. It is not designed to provide a benefit to the opposing party. Defendants understand and appreciate the importance of a complete, accurate, and timely filing of a Certificate of Interested Parties in accordance with the

---

[5] Exh. 2, p. 5.

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775/785-5440

20153242

applicable rules, but submit that there are situations, such as the instant matter, where an alternative approach to compliance with the rules is warranted.

Defendants recognize that seeking leave to submit the Certificate of Interested Parties *in camera* is a novel approach, and Defendants appreciate Judge Ferenbach's conclusion in Best Odds I that the prejudice that Defendants articulated in that case, which is the same prejudice articulated in this Motion, satisfies good cause to justify denying Plaintiff access to the information contained in Defendants' Certificate of Interested Parties.[6]  In his Order, Judge Ferenbach primarily relied upon the Ninth Circuit's discussion of the public's right to access to court documents in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and FED. R. CIV. P. 26(c), which permits the Court to enter "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Under *Kamakana*, there is no presumption of public access to judicial records that have been sealed and attached to non-dispositive motions.  447 F.3d at 1179.  Similarly, there is no presumption of public access to a Certificate of Interested Parties, which is necessary only for the court to determine whether there may be a reason for recusal.

Defendants respectfully submit that while the end result of Judge Ferenbach's decision was correct--that the Certificate may be submitted *in camera*--the Certificate should not be filed "under seal."  Instead, Defendants suggest that it should be submitted for *in camera* review only, and Defendants will follow the procedure described in LR 10-5(a) to file a notice of *in camera* submission.  Defendants' concern is that documents filed "under seal" are normally accessible by the parties, and Defendants seek to deny Plaintiff and its counsel access to the Certificate of Interested Parties.

## IV.

## CONCLUSION

For all the reasons set forth above, Defendants respectfully request that they be allowed to comply with FED. R. CIV. P. 7.1, and the related Local Rule, by filing a Certificate of Interested

---

[6] *Id.* at 4-5.

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775.785.5440

20153242

1  Parties in redacted form, while, at the same time, submitting an unredacted version of the same

2  Certificate of Interested Parties directly to chambers for an *in camera* review only. Defendants

3  further respectfully request that the unredacted version not be entered into the Court's physical or

4  electronic docket or be otherwise made available to Plaintiff, its counsel, or the public. This two-

5  part procedure will protect Defendants from inappropriate discovery, while fulfilling Defendants'

6  obligations under the applicable rules.[7]

7  DATED October 6, 2014                         SNELL & WILMER L.L.P.

8                                                By:/s/  Carrie L. Parker
                                                 Greg Brower, NV Bar No. 5232
9                                                Craig S. Denney, NV Bar No. 6953
                                                 Carrie L. Parker, NV Bar No 10952
10                                               50 West Liberty St. Suite 510
                                                 Reno, NV 89501
11                                               Telephone: (775) 785-5440
                                                 Facsimile (775) 785-5441
12                                               Email: gbrower@swlaw.com
                                                 Email: cdenney@swlaw.com
13                                               Email: cparker@swlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27  _____
    [7] As previously noted, in the event that this case is reassigned to Judge Jones and Magistrate Ferenbach, who
    presided over Best Odds I, the filing of a Certificate of Interested Parties may not be necessary, as Chief Judge Jones
28  and Magistrate Judge Ferenbach have already made their conflicts determinations.

Snell & Wilmer
L.L.P.
LAW OFFICES
50 West Liberty Street, Suite 510
Reno, Nevada 89501
775.785.5440

20153242

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of October, 2014, caused a copy of the foregoing pleading to be submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.


       /s/     Carrie L. Parker
       Carrie L. Parker

- 6 -

20153242

Exhibit B

1  MORGAN, LEWIS & BOCKIUS LLP
   Eric Meckley, Bar No. 168181
2  eric.meckley@morganlewis.com
   Brian D. Berry, Bar No. 229893
3  brian.berry@morganlewis.com
   Kassia Stephenson, Bar No. 336175
4  kassia.stephenson@morganlewis.com
   One Market, Spear Street Tower
5  San Francisco, CA  94105-1596
   Tel:    +1.415.442.1000
6  Fax:    +1.415.442.1001

7  MORGAN, LEWIS & BOCKIUS LLP
   Ashlee N. Cherry, Bar No. 312731
8  ashlee.cherry@morganlewis.com
   1400 Page Mill Road
9  Palo Alto, CA  94304
   Tel:    +1.650.843.4000
10 Fax:    +1.650.843.4001

11 Attorneys for Respondents
   TWITTER, INC.; X HOLDINGS I, INC.;
12 X HOLDINGS CORP.; X CORP.; ELON MUSK

13                 UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15

16

17 SARAH ANOKE, CATHERINE BONN,          Case No. 3:23-cv-02217
   ISABELLE CANNELL, MELANIE EUSEBIO,
18 SAMANTHA FESTEJO, CARLOS MOISES        **RESPONDENTS' SUPPLEMENTAL**
   ORTIZ GOMEZ, DAWN HOISE, WAYNE         **RULE 7.1 CORPORATE**
19 KRUG, LAURENT LUCE, PATRICK            **DISCLOSURE STATEMENT AND**
   O'CONNELL, JENNIFER RYAN, JAIME        **CERTIFICATION PURSUANT TO**
   SENA, JAMES SHOBE, KARYN               **LOCAL RULE 3-15**
20 THOMPSON, AND CRISTIAN ZAPATA,
                                          **PUBLIC - REDACTED**
21
                    Petitioners,
22
           v.
23
   TWITTER, INC., X HOLDINGS I, INC., X
24 HOLDINGS, CORP, X CORP, AND ELON
   MUSK,
25                  Respondents.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

RESPONDENTS' SUPPLEMENTAL
RULE 7.1 CORP DISCLOSURE STMT
Case No. 3:23-cv-02217

Pursuant to Northern District of California Civil Local Rule 3-15 and Rule 7.1 of the Federal Rules of Civil Procedure, Respondent X Corp. as successor in interest to named Respondent Twitter, Inc., by and through its counsel, certifies that Twitter, Inc. has been merged into X Corp. and no longer exists.  Respondent X Holdings Corp., as successor in interest to named Respondent X Holdings I, Inc., by and through its counsel, certifies that X Holdings I, Inc. has been merged into X Holdings Corp. and no longer exists.  X Corp. is wholly owned by X Holdings Corp.  No publicly held corporation owns 10% or more of X Corp.'s or X Holdings Corp.'s stock.

Pursuant to the Court's Order Granting Plaintiffs' Administrative Motion Directing Defendants to Supplement Corporate Disclosure Statement, Respondents disclose the following persons and entities who are owners/shareholders of X Holdings Corp. (ECF No. 35):

- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████
- ████████████████████

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

RESPONDENTS' SUPPLEMENTAL
RULE 7.1 CORP DISCLOSURE STMT
Case No. 3:23-cv-02217

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

RESPONDENTS' SUPPLEMENTAL
RULE 7.1 CORP DISCLOSURE STMT
Case No. 3:23-cv-02217

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

3

RESPONDENTS' SUPPLEMENTAL
RULE 7.1 CORP DISCLOSURE STMT
Case No. 3:23-cv-02217

4

- 
- 
- 
- 
- 

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, there is no conflict or interest (other than the named parties and the above-listed owners/shareholders of X Holdings Corp.) to report.

Dated: June 9, 2023                    MORGAN, LEWIS & BOCKIUS LLP

By   /s/ Eric Meckley
     Eric Meckley
     Brian D. Berry
     Ashlee N. Cherry
     Kassia Stephenson

     Attorneys for Respondents
     TWITTER, INC.; X HOLDINGS I, INC.;
     X HOLDINGS CORP.; X CORP.; ELON MUSK

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

RESPONDENTS' SUPPLEMENTAL
RULE 7.1 CORP DISCLOSURE STMT
Case No. 3:23-cv-02217

Exhibit C

■ ● الوليد بن طلال ✓
@Alwaleed_Talal                                    ...

Dear friend "Chief Twit" @elonmusk

Together all the way 🤝 @Twitter



**Press Release**
For more information contact:
Kingdom Holding Company
+1111-211-11-966
www.KINGDOM.com.sa
Media@kingdom.com.sa

KIN🌴DOM

**Issue Date**
Friday 28ᵗʰ Oct 2022

🐦 @Kingdom_KHC

### Announcement from Kingdom Holding Company and the Private office of HRH Prince Alwaleed Bin Talal Al Saud

Kingdom Holding Company (KHC) and the private office of His Royal Highness Prince Alwaleed Bin Talal Bin Abdulaziz Al Saud (PO) announce the roll over of their ownership of the existing Twitter shares (34,948,975 Shares) valued at USD 1.89 Billion to the "New" Twitter, led by Elon Musk, KHC & PO are jointly the second largest investor after Elon Musk.

This deal is in line with the long-term investment strategy for which Kingdom Holding Company is known for.

اعلان من شركة المملكة القابضة والمكتب الخاص بصاحب السمو الملكي الأمير الوليد بن طلال بن عبد العزيز

تعلن شركة المملكة القابضة (KHC) و المكتب الخاص لصاحب السمو الملكي الأمير الوليد بن طلال بن عبدالعزيز آل سعود (PO) عن انهاء تحويل حصتهما في أسهم تويتر الحالية (34,948,975 سهماً) والتي تبلغ قيمتها 7 مليار ريال سعودي إلى شركة Twitter الخاصة الجديدة. وبذلك تكون شركة المملكة القابضة والمكتب الخاص بصاحب السمو الملكي الأمير الوليد بن عبدالعزيز آل سعود ثاني أكبر المساهمين بعد إيلون ماسك.

وتتماشى هذه الصفقة مع استراتيجية الاستثمار طويل الأجل التي تميزت بها شركة المملكة القابضة.

❌ Elon Musk ✓ ✗ @elonmusk · Oct 27, 2022
the bird is freed

# Exhibit D

**Ethan Jacobs**

---

| | |
|---|---|
| **From:** | Ethan Jacobs |
| **Sent:** | Thursday, September 7, 2023 1:44 PM |
| **To:** | Hawk, J. Jonathan |
| **Subject:** | RE: Activity in Case 4:23-cv-03242-YGR Facilitate Corporation Pte Ltd v. Twitter, Inc.  et al Certificate of Interested Entities |

Jon,

Please let me know when X will file its corrected conflicts disclosures. If I don't have a response by next Monday that the new disclosures will be filed before the end of next week, I'll need to move to compel.

Thank you,
Ethan

**Ethan Jacobs**
415.275.0845
100 Pine St., Suite 1250
San Francisco, CA 94111
ejacobslaw.com

---

**From:** Ethan Jacobs <ethan@ejacobslaw.com>
**Sent:** Tuesday, September 5, 2023 9:28 AM
**To:** Hawk, J. Jonathan <jhawk@whitecase.com>
**Subject:** RE: Activity in Case 4:23-cv-03242-YGR Facilitate Corporation Pte Ltd v. Twitter, Inc. et al Certificate of Interested Entities

Jon,

When will X file its amended disclosures? It's now been over two weeks since I brought the matter to your attention.

Thank you,
Ethan

**Ethan Jacobs**
415.275.0845
100 Pine St., Suite 1250
San Francisco, CA 94111
ejacobslaw.com

---

**From:** Ethan Jacobs <ethan@ejacobslaw.com>
**Sent:** Monday, August 28, 2023 12:31 PM
**To:** Hawk, J. Jonathan <jhawk@whitecase.com>

**Subject:** RE: Activity in Case 4:23-cv-03242-YGR Facilitate Corporation Pte Ltd v. Twitter, Inc. et al Certificate of Interested Entities

Jon,

In my view, these reasons—at least with the level of detail provided in your email—don't justify a sealing order. I'll address each in order.

First, you note that the identities of X Holdings' owners are private and confidential information. But that is true for nearly every Local Rule 3-15 disclosure for a corporation, but before X Corp., I am not aware of any Rule 3-15 disclosure filed under seal for that reason.

Second, you state that individuals and entities who have ownership interests in private corporations expect that the fact of their ownership will remain private. If so, they do not realistically expect that information is *guaranteed* to remain private. Sophisticated investors know that there are situations in which corporations must disclose their ownership. And, as explained in the preceding point, this is one such situation. Further, that expectation is not shared by every one of X Corp.'s owners, some of whom have publicly announces their investments in Twitter. I assume X Corp. claiming that this is true of every one of X Holding Corp.'s owners, but please let me know if that is incorrect.

Third, you state that in some cases, X Holdings is contractually bound to keep the identities of its owners confidential. Again, X Corp. is not claiming that this contractual obligation applies to *all* of X Holding Corp.'s 90+ owners or how many it does apply to. Further, a party does not breach its contract by complying with a court's disclosure requirements.

Fourth, you claim that publicly disclosing the information would also cause injury to X Holdings and the owners/shareholders, including by potentially enabling X Holdings' competitors to obtain a competitive advantage in the marketplace, or for current or prospective business partners or counterparties to take unfair advantage of X Holdings in negotiations or other business affairs, or otherwise prejudice X Holdings' business interests. This requires further explanation. That is because unlike the explanation you gave for the individual declarant—that you have reason to believe they would be subjected to death threats—these reasons are speculative and conclusory. Millions of shareholders owned stock in Twitter, Inc. at this time last year with no particular concern about people learning they did so. The 90-odd current owners of X Holding Corp. are in the same situation.
As for X Holding Corp. itself, its business is owning Twitter, now renamed X; it does not have "competitors" who could obtain an advantage over it.
And you have not articulated how someone's knowledge that a company owns part of X Holdings Corp. would provide that person with a "competitive advantage" over X Holdings or its owners or allow that person to "take unfair advantage of X Holdings in negotiations or other business affairs." That is, you haven't provided any reason to believe people known to indirectly own X are pariahs who face unfair discrimination in their business affairs, or some other reason they would be harmed.

Fifth, you rely on the examples of the sealed disclosures in the Nube and Anoke matters to claim that sealing this information is consistent with the purpose of L.R. 3-15. Yet vanishingly few courts have allowed this information to be sealed. The sealing in *Nube* was not opposed. And in *Anoke*, Judge Illston did not explain her reasoning, but it stands to reason that the court considered the public interest in the disclosures low because the *Anoke* action was a petition to compel arbitration with a fully briefed remand motion that the court granted shortly after without a hearing. This, however, is a full lawsuit that will be decided on the merits.

Finally, you cite *Best Odds Corp. v. iBus Media Ltd.*, No. 2:14-cv-00932-RCJ-VCF, 2014 WL 5687730, *2 (Nov. 4, 2014). *Best Odds* is not controlling, and it is inapplicable. In that case, the defendant argued that the plaintiff brought a baseless lawsuit and was improperly using the disclosure obligations as a discovery tool to seek leverage over the defendant's undisclosed corporate parent. The court therefore allowed the plaintiff to file its disclosures *in camera*. None of those factors are at play here.

Of the factors above, the fourth may have some merit if there were something more concrete to it, but otherwise Facilitate is not inclined to consent to a motion to seal.

Thank you,
Ethan

**Ethan Jacobs**
415.275.0845
100 Pine St., Suite 1250
San Francisco, CA 94111
ejacobslaw.com

---

**From:** Hawk, J. Jonathan <jhawk@whitecase.com>
**Sent:** Friday, August 25, 2023 8:44 AM
**To:** Ethan Jacobs <ethan@ejacobslaw.com>
**Subject:** RE: Activity in Case 4:23-cv-03242-YGR Facilitate Corporation Pte Ltd v. Twitter, Inc. et al Certificate of Interested Entities

Thanks, Ethan. Sorry for the delay here. Was driving cross-country. As for the corporate disclosures, the identities of the owners are private and confidential business information that is not publicly available. The owners/shareholders include various individual persons, private family and other trusts, and other private entities. Individuals and entities taking an ownership interest in a private corporation expect that such information will remain private, and in some cases X Holdings is contractually bound to keep it confidential. Publicly disclosing the information would also cause injury to X Holdings and the owners/shareholders, including by potentially enabling X Holdings' competitors to obtain a competitive advantage in the marketplace, or for current or prospective business partners or counterparties to take unfair advantage of X Holdings in negotiations or other business affairs, or otherwise prejudice X Holdings' business interests.

Sealing this information while still providing it to the court fully complies with the purpose of Rule 7.1 and L.R. 3-15, as courts have recognized in allowing X Corp. to seal this information, including in our *Nube Group* matter and *Anoke*. *See also Best Odds Corp. v. iBus Media Ltd.*, No. 2:14-cv-00932-RCJ-VCF, 2014 WL 5687730, *2 (Nov. 4, 2014).

Look forward to your thoughts and happy to discuss further.

Jon

**J Jonathan Hawk**  |  Partner
**T** +1 213 620 7741    **M** +1 626 755 1400    **E** jhawk@whitecase.com
White & Case LLP  |  555 South Flower Street, Suite 2700  |  Los Angeles, CA 90071-2433

**From:** Ethan Jacobs <ethan@ejacobslaw.com>
**Sent:** Wednesday, August 23, 2023 7:46 PM
**To:** Hawk, J. Jonathan <jhawk@whitecase.com>
**Subject:** Re: Activity in Case 4:23-cv-03242-YGR Facilitate Corporation Pte Ltd v. Twitter, Inc. et al Certificate of Interested Entities

Jon,

Facilitate has no objection to X redacting the name of a declarant from the publicly-filed version of its declaration in support of a motion to seal if you have a good faith basis for believing the witness or their family will be subjected to threats and harassment otherwise.

3

But it is not inclined to consent to your request to file X's Local Rule 3-15 disclosure under seal. Those disclosures are nearly always public. Please provide the reasons X believes theirs should not be.

Thank you,
Ethan

**Ethan Jacobs**
415.275.0845
100 Pine St., Suite 1250
San Francisco, CA 94111
ejacobslaw.com

---

**From:** Ethan Jacobs <ethan@ejacobslaw.com>
**Sent:** Tuesday, August 22, 2023 7:47 PM
**To:** Hawk, J. Jonathan <jhawk@whitecase.com>
**Subject:** Re: Activity in Case 4:23-cv-03242-YGR Facilitate Corporation Pte Ltd v. Twitter, Inc. et al Certificate of Interested Entities

Thanks. I'll get back to you soon.

**Ethan Jacobs**
415.275.0845
100 Pine St., Suite 1250
San Francisco, CA 94111
ejacobslaw.com

---

**From:** Hawk, J. Jonathan <jhawk@whitecase.com>
**Sent:** Tuesday, August 22, 2023 7:46:38 PM
**To:** Ethan Jacobs <ethan@ejacobslaw.com>
**Subject:** RE: Activity in Case 4:23-cv-03242-YGR Facilitate Corporation Pte Ltd v. Twitter, Inc. et al Certificate of Interested Entities

Yes.

**J Jonathan Hawk** | Partner
**T** +1 213 620 7741   **M** +1 626 755 1400   **E** jhawk@whitecase.com
White & Case LLP | 555 South Flower Street, Suite 2700 | Los Angeles, CA 90071-2433

---

**From:** Ethan Jacobs <ethan@ejacobslaw.com>
**Sent:** Tuesday, August 22, 2023 7:46 PM
**To:** Hawk, J. Jonathan <jhawk@whitecase.com>
**Subject:** Re: Activity in Case 4:23-cv-03242-YGR Facilitate Corporation Pte Ltd v. Twitter, Inc. et al Certificate of Interested Entities

Jon,
You want to seal the name of signatory to the declaration in support of the motion to seal the disclosures?
Thanks,
Ethan

**Ethan Jacobs**
415.275.0845

100 Pine St., Suite 1250
San Francisco, CA 94111
ejacobslaw.com

---

**From:** Hawk, J. Jonathan <jhawk@whitecase.com>
**Sent:** Tuesday, August 22, 2023 6:59:14 PM
**To:** Ethan Jacobs <ethan@ejacobslaw.com>
**Subject:** RE: Activity in Case 4:23-cv-03242-YGR Facilitate Corporation Pte Ltd v. Twitter, Inc. et al Certificate of Interested Entities

Ethan, we'll aim to file next week so we can line up a signatory. We'll seek to file the amended corporate disclosure statement under seal as we've done before, and will also be asking to seal the name of the individual who will sign the supporting declaration out of concern for that individual's personal safety and the safety of his family. Can you let me know if your client will oppose the request?

Jon

**J Jonathan Hawk**  |  Partner
**T** +1 213 620 7741   **M** +1 626 755 1400   **E** jhawk@whitecase.com
White & Case LLP  |  555 South Flower Street, Suite 2700  |  Los Angeles, CA 90071-2433

**From:** Ethan Jacobs <ethan@ejacobslaw.com>
**Sent:** Monday, August 21, 2023 4:56 PM
**To:** Hawk, J. Jonathan <jhawk@whitecase.com>
**Subject:** FW: Activity in Case 4:23-cv-03242-YGR Facilitate Corporation Pte Ltd v. Twitter, Inc. et al Certificate of Interested Entities

Jon,

The Certificate of Interested parties you filed earlier today on behalf of X Corp. does not comply with the local rules. In fact, in late June you filed a version on behalf of X Corp. that does comply with Local Rule 3-15 in a different case where I represent the plaintiff, called it to your attention, and directed you to Judge Illston's ruling in another case ordering X Corp. to file a disclosure that complies with Civil Local Rule 3-15.

Will you agree to file a compliant report by the end of the week?

Thank you,
Ethan

**Ethan Jacobs**
415.275.0845
100 Pine St., Suite 1250
San Francisco, CA 94111
ejacobslaw.com

---

**From:** ECF-CAND@cand.uscourts.gov <ECF-CAND@cand.uscourts.gov>
**Sent:** Monday, August 21, 2023 4:42 PM
**To:** efiling@cand.uscourts.gov

**Subject:** Activity in Case 4:23-cv-03242-YGR Facilitate Corporation Pte Ltd v. Twitter, Inc. et al Certificate of Interested Entities

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### California Northern District

## Notice of Electronic Filing

The following transaction was entered by Hawk, James on 8/21/2023 at 4:42 PM and filed on 8/21/2023

| | |
|---|---|
| **Case Name:** | Facilitate Corporation Pte Ltd v. Twitter, Inc. et al |
| **Case Number:** | 4:23-cv-03242-YGR |
| **Filer:** | Twitter, Inc. |
| | X Corp. |
| **Document Number:** | 14 |

**Docket Text:**
**Rule 7.1 Disclosures by Twitter, Inc., X Corp. (Hawk, James) (Filed on 8/21/2023)**

**4:23-cv-03242-YGR Notice has been electronically mailed to:**

Ethan Isaac Jacobs      ethan@ejacobslaw.com

James Jonathan Hawk      jhawk@la.whitecase.com, cindy.lopez.de.santa.anna@whitecase.com, jdisanti@whitecase.com, ladocketing@whitecase.com, mco@whitecase.com

**4:23-cv-03242-YGR Please see Local Rule 5-5; Notice has NOT been electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\fakepath\2023-08-21 Corporate Disclosure Statement.pdf
**Electronic document Stamp:**
[STAMP CANDStamp_ID=977336130 [Date=8/21/2023] [FileNumber=20492968-0]
[058a276580f33a96965e655981f22ee60460e73b74c70af7b526741ad6cdefa1e318
d0f382c15e8e712b029818beaab0c72c4ad4824fe185731f151089f39e31]]

===============================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read,

copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at (213) 620-7700, and then delete the e-mail and any copies of it.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

=============================================================================

=============================================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at (213) 620-7700, and then delete the e-mail and any copies of it.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

=============================================================================

=============================================================================
This communication may be privileged and confidential and is intended only for the individual or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose this communication to others; also, please notify the sender by replying to this e-mail or by telephone at (213) 620-7700, and then delete the e-mail and any copies of it.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

=============================================================================