| | |
|---|---|
| ETHAN JACOBS LAW CORPORATION<br>Ethan Jacobs (SBN 291838)<br>ethan@ejacobslaw.com<br>100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>Telephone:  (415) 275-0845<br><br>Attorneys for Plaintiff<br>Facilitate Corporation Pte Ltd | WHITE & CASE LLP<br>J. Jonathan Hawk (SBN 254350)<br>jhawk@whitecase.com<br>555 South Flower Street, Suite 2700<br>Los Angeles, CA 90071<br>Telephone: (213) 620-7700<br><br>Attorneys for second named Defendant X Corp., successor in interest to first named Defendant, Twitter, Inc. |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## (SAN FRANCISCO DIVISION)

| | |
|---|---|
| Facilitate Corporation Pte Ltd,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>Twitter, Inc. and X Corp., Inc.,<br><br>　　　　　Defendants. | Case No.: 4:23-cv-03242-YGR<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: October 23, 2023<br>Time: 2:00 pm<br>Courtroom: via Zoom only<br>Judge: Hon. Yvonne Gonzalez Rogers |

Pursuant to Northern District Local Rule 16-9, the Court's Order Setting Case Management Conference, and the Court's Standing Order regarding the Contents of Joint Case Management Statements, Plaintiff Facilitate Corporation Pte Ltd ("Facilitate") and the second named Defendant X Corp., successor in interest to the first named Defendant Twitter, Inc. ("X Corp."), by and through their respective counsel of record, submit the following Joint Case Management Statement.

**I.　　JURISDICTION AND SERVICE**

No issues exist regarding jurisdiction, venue, or service.

## II. STATEMENT OF FACTS

### A. Plaintiff's Statement

In 2015, Twitter, Inc. hired Facilitate Corporation Pte Ltd to help build out and develop its office spaces in several non-U.S. locations. More recently, on March 1, 2021, Facilitate and Twitter entered into a Master Services Agreement that sets out their agreement (the "MSA"). Since then, Facilitate provided services to Twitter for its offices in London, Dublin, Singapore, and Sydney.

After Elon Musk's purchase of Twitter closed in late October 2022, the company went into a revenue free-fall and it stopped paying numerous vendors' invoices and refused to pay the promised severance payments of thousands of the employees it fired.

Twitter also is refusing to pay a number of Facilitate's invoices from mid-2022 through early 2023. The invoices are for amounts in non-U.S. currency and the approximate total amount due in U.S. dollars is almost $700,000. The invoices are all months overdue and Twitter has never disputed any of them or offered any justification for not paying them.

### B. Defendants' Statement

X Corp. and Facilitate entered into the MSA, for Facilitate to provide services to X Corp. in London, Dublin, Singapore, and Australia. The services were to be provided pursuant to the terms of the MSA and certain Statements of Work (each, an "SOW") entered into under the MSA. The MSA provides that "[i]f the Statement of Work requires Supplier to complete certain milestones, Twitter's payment obligation will be expressly subject to Supplier's completion of such milestones to Twitter's reasonable satisfaction." The relevant SOWs for each of Facilitate's projects at X Corp. facilities in London, Dublin, Singapore and Australia provide that Facilitate will be paid according to its completion of milestones set forth in the SOWs, and that Facilitate "will invoice Twitter in the amounts specified upon Twitter's acceptance of the following milestones."

X Corp. is undertaking an internal investigation regarding the allegations in Plaintiff's Complaint, and that is ongoing.

### III. LEGAL ISSUES

#### A. Plaintiff's Statement

Plaintiff does not believe there are significant disputed points of law.

#### B. Defendants' Statement

Whether Plaintiff fully performed its obligations under the MSA and each SOW such that it is entitled to any of the amounts prayed for in its Complaint.

### IV. MOTIONS

Plaintiff does not currently anticipate filing any motions. Plaintiff notes that there is a pending fully briefed administrative motion by Twitter to seal its Certificate of Interested Entities, which Plaintiff has opposed.

Defendant has filed an administrative motion to file under seal its Supplemental Corporate Disclosure Statement, and anticipates a Motion for Summary Adjudication and/or Summary Judgment.

### V. AMENDMENT OF PLEADINGS

Plaintiff does not currently anticipate amending the complaint to add additional parties or causes of action.

Defendant does not anticipate amending its Answer.

### VI. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, have met and conferred pursuant to Federal Rule of Civil Procedure 26(f), and are aware of and are taking reasonable and proportionate steps to preserve evidence relevant to the issues in this action.

### VII. DISCLOSURES

The parties have not yet exchanged Initial Disclosures.

### VIII. DISCOVERY

No discovery has taken place.

The parties anticipate entering into a stipulated protective order based on the Northern District of California Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets as well as a stipulated e-discovery order.

The parties do not presently foresee the need for any modification or limitation of the standard discovery rules.

## IX. CLASS ACTION

Not applicable.

## X. RELATED CASES

There are no related cases in this district or before another court.

## XI. RELIEF

The relief sought by Plaintiff is fully set forth on page six of its Complaint. (D.I. 1). The bases on which damages for Defendants' breach of contract may be calculated, depending on what information is revealed through discovery, include the following: (1) the amount outstanding on the unpaid invoices from Plaintiff to Twitter, and (2) pre-judgment interest.

X Corp. disputes that any damages are appropriate. However, in the event that X Corp. were to be found liable in this action, damages should not exceed what Plaintiff prays for in its Complaint.

## XII. SETTLEMENT AND ADR

The Parties have commenced preliminary settlement negotiations and believe it will be productive and efficient to first work directly with each other in efforts to resolve, before reverting to more formal ADR mechanisms.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

No. Not all parties have consented to proceed before a Magistrate Judge.

## XIV. OTHER REFERENCES

The case is not suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

**Plaintiff**: None.

**Defendants**: The key issues are whether the MSA and each SOW were properly executed and performed, whether Plaintiff fully performed its contractual obligations under the MSA and each SOW, and whether Plaintiff is due any of the amounts prayed for in the Complaint.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not intend to proceed under the Expedited Trial Procedure.

## XVII. SCHEDULING

The parties propose the following schedule:

- Fact Discovery Cutoff: June 28, 2024
- Hearing of Dispositive Motions: No later than August 23, 2024
- Pretrial Conference: October 25, 2024
- Trial: November 18, 2024

## XVIII. TRIAL

Plaintiff has demanded a jury trial. The parties estimate that a trial will take no more than between 3 and 4 days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

All Parties have filed the Certification of Interested Entities or Persons. The Parties disclose that the following have an interest in this litigation:

Plaintiff:

1. Facilitate Corporation Pty Ltd

2. Facilitate Europe Ltd

3. Master Projects Australia Pty Ltd

4. Michael Harrison

5. Rob Parker

6. Tanya Parker

X Corp., successor in interest to named Defendant Twitter, Inc. – Defendant, financial interest; X Holdings Corp. – X Corp.'s parent company; others identified in X Corp.'s sealed Supplemental Disclosure Statement.

**XX. PROFESSIONAL CONDUCT**

All counsel of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI. OTHER MATTERS**

None.

## CONCLUSION

The parties request that the Court enter an Order adopting or consistent with the foregoing proposals. Counsel will submit a proposed order, should the Court so request.

Dated:   October 16, 2023          Respectfully submitted,

ETHAN JACOBS LAW CORPORATION

By: */s/ Ethan Jacobs*
        Ethan Jacobs (SBN 291838)

Attorney for Plaintiff
Facilitate Corporation Pte Ltd

WHITE & CASE LLP

By: */s/ J. Jonathan Hawk*
        J. Jonathan Hawk (SBN 254350)

Attorney for second named Defendant X CORP., successor in interest to first named Defendant Twitter, Inc.

**ATTESTATION OF CONCURRENCE**

I, Ethan Jacobs, am the ECF User whose ID and password are being used to file this **JOINT CASE MANAGEMENT STATEMENT**. I attest that, pursuant to United States District Court, Northern District of California L.R. 5-1(i)(3), concurrence in the filing of this document has been obtained from Counsels for Defendants. I declare under penalty of perjury that the foregoing is true and correct.

Dated:   October 16, 2023              ETHAN JACOBS LAW CORPORATION

By:_____*/s/ Ethan Jacobs*_____
Ethan Jacobs (SBN 291838)