1  Jonathan Hawk (SBN 254350)
   jhawk@mwe.com
2  **McDERMOTT WILL & EMERY LLP**
   2049 Century Park East, Suite 3200
3  Los Angeles, CA  90067-3206
   Telephone:     1 310 277 4110
4  Facsimile:     1 310 277 4730

5  Attorneys for Second Named Defendant
   X CORP., Successor In Interest to First Named
6  Defendant, Twitter, Inc.

7

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10 Facilitate Corporation Pte Ltd,            CASE NO.  4:23-cv-03242-YGR

11            Plaintiff,                      **SUPPLEMENT TO X CORP.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 17)**
12     v.

13 Twitter, Inc. and X Corp., Inc.,

14            Defendants.

**SUPPLEMENT TO ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

Following the Parties' discussion with the Court at the November 6, 2023 Initial Case Management Conference ("CMC"), X Corp.,[1] with leave of Court granted during the CMC, hereby submits this supplement to its Administrative Motion to File Under Seal (ECF) 17. This supplement presents additional case law and further evidence of significant interests that support X Corp.'s request to seal the non-public list of names of the non-party owners of non-party X Holdings.

### I. Case Law Supports Sealing X Corp.'s Supplemental Disclosure Statement

Courts in this district have sealed materials that identify investors or shareholders and that implicate some of the same privacy and confidentiality concerns raised here.

First, decisions issued by those courts show that the "good cause" standard applies here. It applies to documents that are associated with a non-dispositive matter or that are "unrelated, or only tangentially related, to the underlying cause of action." *Oracle Partners, L.P. v. Concentric Analgesics, Inc.*, No. 20-CV-03775-HSG, 2021 WL 1022874, at *1 (N.D. Cal. Mar. 17, 2021); see also *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

X Corp.'s Supplemental Disclosure Statement (ECF 17-2) provides the Court with a non-public list of non-parties who hold ownership interests in non-party X Holdings, so that the Court can determine whether any conflict of interest exists that would lead the Judge to recuse herself. Admin. Mot. at 5. The list of owners in X Holdings has nothing to do with the merits of this case and has not been submitted in connection with any motion touching upon the merits. The list of owners has not even been submitted in connection with a discovery dispute -- its only arguable relevance is to supplement a corporate disclosure statement submitted for purposes of assessing potential conflicts.

Even if the "compelling reasons" standard applied here (which it does not), courts in this district have still granted motions to seal shareholder or investor lists due to compelling private interests in commercial confidentiality and privacy. *See, e.g., Beluca Ventures LLC*, 2023 WL 3149253 at *2 (N.D. Cal. Feb. 7, 2023); *see also Oracle Partners, L.P.*, 2021 WL 1022874 at *2

---

[1] All capitalized terms not defined herein shall have the meaning assigned to them in X Corp.'s Administrative Motion to File Under Seal (ECF 17).

(N.D. Cal. Mar. 17, 2021).

*Oracle Partner* is illustrative.  There, the court granted a motion to seal the names of non-party shareholders and the values of their respective shareholdings because such information was "non-public, and irrelevant to the allegations in the complaint." *Oracle Partners, L.P. v. Concentric Analgesics, Inc.,* No. 20-CV-03775-HSG, 2021 WL 1022874, at *2 (N.D. Cal. Mar. 17, 2021).

Similarly, another court in this district in ruling on a dispositive motion sealed portions of a shareholders' agreement that disclosed non-public investors' identities.  That court recognized "the valuation and identity of [] investors is commercially and competitively sensitive" and that "[c]ourts routinely seal such sensitive financial information." *Beluca Ventures LLC v. Einride Aktiebolag*, No. 21-CV-06992-WHO, 2023 WL 3149253, at *2 (N.D. Cal. Feb. 7, 2023) (collecting cases).

Like the materials in *Oracle Partners* and *Beluca Ventures*, the non-public list of non-party owners in non-party X Holdings is commercially and competitively sensitive.  Disclosure of that list could undermine X Holdings' competitive position in the marketplace by discouraging investors from funding operations, could allow current or prospective business partners or counterparties to take advantage of X Holdings in negotiations or other business affairs, or otherwise prejudice X Holdings' business interests.  At the same time, that list is completely irrelevant to the merits of Plaintiff's case, and sealing that information would not affect the public's "interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (internal citations omitted).

Tellingly, Plaintiff -- who already has an unredacted copy of X Corp.'s Supplemental Disclosure Statement -- provides no explanation as to why it believes the more stringent "compelling reasons" standard should apply.  Plaintiff also provides no explanation for how a list of owners could be relevant to the merits of the case.  This makes clear that Plaintiff is inappropriately seeking to force public disclosure of the owners in non-party X Holdings in efforts to apply pressure on X Corp. to resolve the merits of the dispute.  But court filings may not be used as a "vehicle for improper purposes," such as using records to "promote public scandal" or to "release trade secrets." *Id.*

Indeed, were Plaintiff to prevail on this motion, *any* plaintiff could file *any* lawsuit against *any* privately held corporation for the sole purpose of publicly disclosing that privately held

corporation's nonpublic shareholder list to the world.  Indeed, a Plaintiff need not even survive a motion to dismiss to do so -- the mere filing of a lawsuit would suffice to trigger the disclosure obligation, nullifying contractual and statutory confidentiality obligations around the country.

While X Corp. is submitting herewith additional evidence supporting its request to seal the non-public list of non-party owners in non-party X Holdings, the case law cited above and in the Administrative Motion (ECF 17) should be sufficient to satisfy the standard for sealing.  It bears emphasis, moreover, that no party would be prejudiced by X Corp.'s motion, as X Corp. is willing to share its full shareholder list with Plaintiff and the Court under seal.

## II.     Additional Evidence Supports Sealing

X Corp. previously submitted the Employee Declaration showing that mere association with X Corp. presents those persons with appreciable risk of threats, harassment, and invasion of privacy.  Employee Decl., ¶ 6 (ECF 17-3).  X Corp. is now submitting an even more detailed declaration (the "Supplemental Employee Declaration"), describing specific incidents that demonstrate that risk in concrete terms.

The Supplemental Employee Declaration shows that the circumstances and individual privacy interests at stake here are unique.  Political speech on the X platform and platform decisions to regulate that speech are topics that arouse powerful emotions on both sides of the political aisle.  As a result, individuals affiliated with X Corp. and X Holdings Corp. face harassment and targeted threats that seriously threaten their and their families' privacy and safety, and outweigh any public interest in identifying the shareholders.  This is not hypothetical.  This is what has actually happened.  Disclosing the identities of the owners in X Holdings -- again, none of whom are parties to this case but who will be perceived as having financial influence over the company's operations -- could lead to serious threats of harm that should not be disregarded as cavalierly as Plaintiff seeks to do in connection with a disclosure that is intended to enable the Court to assess potential conflicts.  Indeed, Plaintiff seeks the public disclosure of this information for no other purpose than to harass X Holdings' shareholders and exert leverage to settle this case.

X Corp. further seeks an order sealing the Supplemental Employee Declaration[2] because it discloses non-public security incidents involving X Corp. personnel. Disclosure of that information could jeopardize X Corp.'s efforts to protect its employees.

Dated: November 20, 2023              **McDERMOTT WILL & EMERY LLP**

By:   */s/ Jonathan Hawk*
    JONATHAN HAWK
    Attorneys for Second Named Defendant X
    CORP., successor in interest to First Named
    Defendant TWITTER, INC.

---

[2] In the alternative, X Corp. seeks to seal at least the identifying information of the X Corp. employee submitting the Supplemental Employee Declaration. The reasons for sealing such identifying information is the same as set forth in the Employee Declaration. Plaintiff does not oppose this aspect of X Corp.'s request.